# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**897**

**TP 11-00294**

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

IN THE MATTER OF CRAIG J. EMMERLING, PETITIONER,

                    V                                    MEMORANDUM AND ORDER

TOWN OF RICHMOND, RESPONDENT.

---

CHRISTINA A. AGOLA, PLLC, ROCHESTER (CHRISTINA A. AGOLA OF COUNSEL), FOR PETITIONER.

KENYON & KENYON LAW FIRM, CANANDAIGUA (EDWARD C. KENYON OF COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Ontario County [William F. Kocher, A.J.], dated August 10, 2010) to review a determination of respondent. The determination, among other things, terminated petitioner's employment with respondent.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, made after a hearing pursuant to Civil Service Law § 75, to terminate his employment as a Recreational Specialist for respondent. According to petitioner, the determination is not supported by substantial evidence (*see* CPLR 7803 [4]), and he further contends that the penalty of termination constitutes an abuse of discretion (*see* CPLR 7803 [3]). Upon our review of the record, we conclude that substantial evidence supports the determination that petitioner, whose duties involved extensive contact with children and who had been notified that he was required to act as a role model for them, committed misconduct within the meaning of Civil Service Law § 75 by selling an alcoholic beverage to a minor in violation of Penal Law § 260.20 (2) (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181). Furthermore, the penalty of termination is not so disproportionate to the offense, in light of all of the circumstances, as to shock one's sense of fairness (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 234-235; *see also Matter of Scahill v Greece Cent. School Dist.*, 2 NY3d 754).

Entered: September 30, 2011                          Patricia L. Morgan
                                                     Clerk of the Court